# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 18-00134-KD-B |
| | ) |
| LORENZO DYRELL HICKMAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Lorenzo Dyrell Hickman's Motion to Dismiss on Grounds of Double Jeopardy and the response filed by the United States (docs. 16, 22). Upon consideration, and for the reasons set forth herein, the Motion is DENIED. However, the United States is ordered to file additional briefing as set forth herein.

On May 31, 2018, Hickman was indicted in the Southern District of Alabama for the offenses of possession with intent to distribute approximately 967.9 grams of methamphetamine (Count One) and use and carry of a firearm during and in relation to a drug trafficking crime (Count Two) (Doc. 1). The conduct underlying the Indictment occurred on or about July 22, 2016 in the Southern District of Alabama. (Id.)

Previously, on May 2, 2018, Hickman was indicted in the Southern District of Mississippi for the offense of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (Doc. 16-1). The conduct underlying the Indictment occurred between June 20, 2016 and May 2, 2018 in the Southern District of Mississippi (Id.)

Hickman pled guilty to Count One (Doc. 16-2 (minute entry); Doc. 22-1 (Plea Agreement)). On March 5, 2019, he was sentenced in the Southern District of Mississippi to a term of 270 months to be served concurrently with the undischarged term of imprisonment in the

Superior Court of Douglas County, Douglasville, Georgia (United States v. Hickman, Criminal Action No. 3:18-00089-HTW-LRA (Doc. 81) (S.D. Miss. Mar. 12, 2019).[1]  At sentencing, Hickman's conduct in the Southern District of Alabama, i.e., the quantity of methamphetamine and the use and carry of a firearm, was determined to be relevant conduct which enhanced his advisory sentencing guidelines and in part, supported the upward variance (Doc. 23-1).

At sentencing, the District Judge heard Hickman's objection to the relevant conduct that occurred in Alabama, as follows:

> [Defense Counsel] MR. SELLERS: Yes, sir. Your Honor, there were several objections made to the presentence report. I will say I was -- and I'll ask Your Honor I don't know how to proceed. There's an objection to -- there was an amount of drugs attributed to Mr. Hickman from an Alabama arrest that at the time of the presentencing report there are charges still pending in Alabama for an arrest back in July 22, 2016, for a quantity of 954.35 grams of meth.
>
> In talking with the AUSA and the case agent on the case, it's my understanding that I don't think the government -- that was a federal case, Your Honor. I don't think that case is going to be pursued, and if that is the case, it may alter my objections. So I don't know if I should get the government to address that before I proceed or not, Your Honor.
>
> THE COURT: All right. Counsel.
>
> [AUSA] MS. CHALK: Your Honor, Mr. Sellers is referring to an arrest that occurred on July 22, 2016, where the defendant was arrested while he was in a vehicle with his brother, and 954.35 grams of methamphetamine was seized from that interaction.
>
> During my conversations with the AUSA in the Southern District of Mississippi, in the last several years following that traffic stop it was my appreciation that they were going to proceed forward. To my knowledge, no indictment has been returned, and based on my communications with the case agent and the case agent down in Mobile, there is no intention to proceed forward with that methamphetamine charge that stemmed from the arrest of July 22, 2016.

---

[1] On January 23, 2018, Hickman was sentenced to 20 years.

> THE COURT: Okay. Thank you. All right. Mr. Sellers.
>
> MR. SELLERS: Okay. If I may proceed, Your Honor, then I will not address that amount because -- in my research and my understanding, I think that would apply in this case. With that said, there was a gun found in Mr. Hickman's -- well, actually was in his passenger's possession, but Mr. Hickman did give a statement that the gun was actually his gun that he had given to his passenger who was his brother.
>
> With that being said, Your Honor, I would withdraw my objection to the gun enhancement at this time, Your Honor. I will not proceed on that so we're withdrawing that objection.

(Doc. 23-1, p. 3-4).

Hickman has now moved to dismiss the Indictment on basis of double jeopardy. Hickman argues that the offense prosecuted in this Court was part of the conspiracy in the Southern District of Mississippi, which encompassed distribution of methamphetamine between June 2016 and May 2018. Hickman argues that this prosecution is barred by the Double Jeopardy Clause because it protects against a second prosecution for the same offense after conviction. Hickman also argues that he is now subject to excessive punishment for the same conduct. (Doc. 16).

The United States responds that the prosecution here is not a second prosecution for the same offense, but instead, commission of a substantive offense and a conspiracy are separate and distinct offenses, as to which double jeopardy is not a defense. The United States also argues that reference to substantive offenses charged in this case as a basis for enhancing Hickman's sentence for the offense charged in Mississippi does not offend the Double Jeopardy Clause (Doc. 22).

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V.

The Supreme Court of the United States summarized the "three basic protections" the Double Jeopardy Clause provides: " '[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " Ohio v. Johnson, 467 U.S. 493, 498 (1984) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977), in turn quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)).

Hickman's Motion to Dismiss based on the Double Jeopardy Clause is denied. As explained by the United States, although criminal conduct may be used as relevant conduct in a case, it may also form the basis of additional charges without violating the Double Jeopardy Clause's prohibition against multiple prosecutions or punishments for the same offense. Witte v. United States, 515 U.S. 389, 398 (1995) ("[W]e specifically have rejected the claim that double jeopardy principles bar a later prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime.")

Also, as explained by the United States in its response, the Double Jeopardy Clause is not implicated when a person is prosecuted for different crimes. Conspiracy to distribute methamphetamine and distribution of methamphetamine are separate and distinct offenses. Pinkerton v. United States, 328 U.S. 640, 643, 66 S. Ct. 1180, 1182 (1946) ([T]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses.").

However, that does not end the Court's inquiry. The transcript of the proceedings in the Southern District of Mississippi indicate that the United States represented to the Court that "there is no intention to proceed forward with [the AL] methamphetamine charge that stemmed from the arrest of July 22, 2016." (Doc. 23-1, p. 4) And although qualified by "[t]o my knowledge", the United States 'representation was relied on by the Court and by the defense

attorney. The defense attorney withdrew his objection; "[w]ith that being said, Your Honor, I would withdraw my objection to the gun enhancement…." Id. Accordingly, the drug quantity from the July 22nd incident was included in the base offense level and the guidelines were enhanced by two levels for the possession of the gun during the July 22nd incident. (Id., p. 26-28; Id. at p. 8, discussing the lab report regarding the purity of the methamphetamine for which Hickman was arrested in Alabama; Id. p. 18-25, granting defendant's objections to an enhancement for importation that was based in part on the purity of the Alabama methamphetamine; Id., p. 32-33, defense counsel acknowledging that "the amount of drugs that he was arrested with in Alabama has been used at this point as relevant conduct to determine his guideline range"; Id. at p. 56 "The Court: . . . Then we look at the quantity of the drugs involved and the purity."; Id. p. 27, District Court acknowledging that the two-level enhancement for the firearm was included in the calculation (". . . the dangerous weapon stays the same plus two?" "Yes, Your Honor.")

Now, in contradiction to the position taken by the United States in Mississippi, the United States in Alabama has indicted Hickman for the July 22nd incident and charged him with possession with intent to distribute more than 50 grams of methamphetamine, specifically 967.9 grams, and with use and carry of a firearm during and in relation to a drug trafficking offense.

In <u>Zedner v. United States</u>, 547 U.S. 489, 126 S. Ct. 1976 (2006), the United States urged the Supreme Court to apply the doctrine of judicial estoppel to a defendant's argument. The court did not apply the doctrine to the facts of that case. However, it appears that judicial estoppel may be applied in a criminal case. The Court elaborated:

> " '[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.' <u>Davis v.

> Wakelee, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895). This rule, known as judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.' Pegram v. Herdrich, 530 U.S. 211, 227, n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)." New Hampshire v. Maine, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L.Ed.2d 968 (2001).
>
> Although this estoppel doctrine is equitable and thus cannot be reduced to a precise formula or test, "several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position .... A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id., at 750-751, 121 S. Ct. 1808 (citations and internal quotation marks omitted).

Zedner, 547 U.S. at 504, 126 S. Ct. at 1987.

The Court is mindful that the application of estoppel to the Government should be a rare event. In Heckler v. Cmty. Health Servs. of Crawford Cty., Inc., 467 U.S. 51, 104 S. Ct. 2218 (1984), the Supreme Court stated:

> When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined. It is for this reason that it is well settled that the Government may not be estopped on the same terms as any other litigant. Petitioner urges us to expand this principle into a flat rule that estoppel may not in any circumstances run against the Government. We have left the issue open in the past, and do so again today. Though the arguments the Government advances for the rule are substantial, we are hesitant, when it is unnecessary to decide this case, to say that there are no cases in which the public interest in ensuring that the Government can enforce the law free from estoppel might be outweighed by the countervailing interest of citizens in some minimum standard of decency, honor, and reliability in their dealings with their Government.

Heckler, 467 U.S. at 60-61, 104 S. Ct. at 2224 (footnotes omitted). And as also noted by the Court,

6

> Our Government should not by picayunish haggling over the scope of its promise, permit one of its arms to do that which, by any fair construction, the Government has given its word that no arm will do. It is no less good morals and good law that the Government should turn square corners in dealing with the people than that the people should turn square corners in dealing with their government.

Heckler, 467 U.S. at 61, 104 S. Ct. at 2224, n. 13.

Accordingly, the United States is **ordered** to file on or before **June 21, 2019**, a brief addressing the issue of judicial estoppel and why it should not apply in this case. The **hearing** previously scheduled for **June 19, 2019** at 3:00 p.m. is **cancelled**.

DONE and ORDERED this 14th day of June 2019.

                                                s / Kristi K. DuBose
                                                KRISTI K. DuBOSE
                                                CHIEF UNITED STATES DISTRICT JUDGE